UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **United States of America,** | |
| Plaintiff, | |
| v. | Hon. Hugh B. Scott |
| | 06CV711A |
| **Bank of America f/k/a Fleet Bank, N.A.,** | |
| Defendants. | Decision |
| | & |
| | Order |
| v. | |
| **Brandon Tarbell and** | |
| **Brandon Tarbell d/b/a/** | |
| **Mohawk Petroleum,** | |
| Third-Party Defendant. | |

---

Before the Court is the plaintiff's motion enlarge the number of depositions under Rule 30 of the Federal Rules of Civil Procedure  (Docket No. 33).

## Background

The plaintiff brings this action claiming that defendant Bank of America ("BOA") failed to surrender property pursuant to certain levies served upon BOA in violation of 26 U.S.C. §§ 6332(d) and  7401(a).  The United States asserts that Brandon Tarbell, operating a d/b/a Mohawk Petroleum, owed the government $67,242,255.85 in unpaid taxes.  On February 4, 2004, the United States allegedly served notices of levy upon BOA with respect to any accounts maintained by "Brandon Tarbell and/or Mohawk Petroleum." (Docket No. 1, ¶¶ 6-7).  It appears

1

that two BOA accounts belonging to Tarbell or his d/b/a were eventually identified: one in the amount of $87,557.47 and another in the amount of $1,107,343.10.  (Docket No. 1, ¶ 10).  The government contends that BOA failed to remit the $1,107,343.10 as required under the notices of levy.  BOA asserts that the levy was inaccurate and did not attach to the account at issue.

### Discussion

The United States now seeks to expand the number of depositions it may take under Rule 30 of the Federal Rules of Civil Procedure from 10 to 15.  The government asserts that it has identified 14 individuals with specific knowledge of the facts of this case.  The government seeks discovery into the creation of the subject bank accounts; the interaction of representatives of Mohawk Petroleum with BOA personnel regarding the accounts; as well as BOA's policies in handling notices of levy.  Rule 30 presumptively limits the number of depositions which can be noticed to ten. However, provided good cause is shown, a court may increase the number of depositions when it is consistent with the principles of Rule 26. Fed.R.Civ.P. 26(b)(2).

BOA opposes the enlargement of the number of depositions.  BOA specifically opposes the government's attempt to depose Gloria Harden, Denise Gage (referred to by the United States as "Bernice" Gage) and Peter Marsh.  The government asserts that BOA failed to list these individuals as persons with knowledge about the facts of this case.  Absent some legal impediment, to the extent these witnesses have personal knowledge of the accounts in question, the bank's dealings with representatives of Mohawk Petroleum, they are subject to deposition in this case.  In is unclear, based upon this record, whether a legal impediment (other than the number of depositions) exists as to whether these individuals.

The motion to take depositions in excess of 10, up to 15, under Rule 30 is granted. The Court presumes that the parties will attempt to resolve any discovery issues relating to the depositions, including the identification of appropriate witnesses, as well as the number and length of the depositions. If such disputes cannot be resolved, the Court will entertain a motion to resolve such issues.

## Conclusion

The plaintiff's motion to expand the number of depositions (Docket No. 33) is granted in part.

So Ordered.

/s/ **Hugh B. Scott**
United States Magistrate Judge
Western District of New York

Buffalo, New York
January 11, 2008